UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAREINA A. SAULS,<br><br>　　　　　　　　Plaintiff,<br>　v.<br><br>ALICIA M. BURTON et al.,,<br><br>　　　　　　　　Defendant. | CASE NO. 3:25-cv-05248-DGE<br><br>ORDER DISMISSING CASE |

On May 5, 2025, the Court dismissed Plaintiff's proposed complaint (Dkt. No. 1-1, 6) for failure to state a claim after conducting a 28 U.S.C. § 1915(e)(2)(B) review and granted Plaintiff leave to file an amended complaint by May 30, 2025. (Dkt. No. 14.) On May 29, 2025, Plaintiff filed her proposed amended complaint. (Dkt. No. 16.) Plaintiff's proposed amended complaint is likewise deficient. For the reasons stated below, the Court dismisses this case and Plaintiff's complaint without prejudice.

**A. Plaintiff's Amended Complaint**

ORDER DISMISSING CASE - 1

Plaintiff's amended complaint asserts claims for violations of "42 U.S.C. §§ 1983, 1985, and 2132; Fraud on the Court, ADA and Rehabilitation Act Violations, Retaliation, and Denial of Due Process[.]" (*Id.* at 1.) "Plaintiff alleges that agents of Pierce County—including judicial officers, a court-appointed guardian ad litem, and private attorneys—engaged in an orchestrated effort to suppress evidence, retaliate for protected activity, and deny access to justice." (*Id.* at 2.) Plaintiff claims the defendants attempted to "shield a known domestic violence offender, silence the Plaintiff, and obstruct the fair administration of justice." (*Id.*) Plaintiff brings these claims against sixteen known defendants and Does 1–20. (*Id.* at 2–3.)

### B. Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), the Court must assess the sufficiency of an IFP complaint and dismiss a complaint that is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. Pro. 8(a). The factual allegations of the complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### C. Analysis

Plaintiff's proposed amended complaint merely lists nine causes of action and does not provide a "short and plain statement of the claim" showing she is entitled to relief. Fed. R. Civ. Pro. 8(a); Dkt. No. 16 at 7. It contains only conclusory statements without any specific alleged facts as to each proposed defendant. Further, Plaintiff does not identify what claims she brings against each individual defendant. (*See* Dkt. No. 16 at 7.)

In addition, Judge Alicia M. Burton, Pierce County Superior Court, and Pierce County remain in the amended complaint. (*Id.*) In its prior order, the Court explained Plaintiff did not allege any facts sufficient to pierce judicial immunity. (Dkt. No. 14 at 4.) Likewise, the Court informed Plaintiff claims against the Pierce County Superior Court are barred by the Eleventh Amendment and that any claims brought against Pierce County must plead the existence of an unconstitutional policy or custom causing the injury complained of. (*Id.* at 3–4.) Plaintiff's amended complaint did not cure these defects.

### D. Conclusion

Based on the deficiencies identified in this Order, this matter and Plaintiff's proposed amended complaint (Dkt. No. 16) are dismissed without prejudice.

Dated this 6th day of June, 2025.

David G. Estudillo
United States District Judge